**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP  96950**
**Tel. No.: 234-5684/85**
**Fax  No.: 234-5683**

*Attorneys for Defendant Manuel Aldan Sablan*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08-00014-003 |
| ) | |
| Plaintiff, ) | MOTION REQUESTING |
| v. ) | PROSECUTION TO FILE AND |
| ) | SERVE A BILL OF PARTICULARS |
| SABLAN, MANUEL ALDAN, ) | ON COUNSEL FOR MR. MANUEL |
| ) | SABLAN |
| ) | |
| ) | Judge:  Munson |
| Defendant. ) | Date  :  June 5, 2008 |
| _____ ) | Time  :  9:00 a.m. |

Defendant Manuel Sablan, through counsel, requests that this Court issue an Order directing the prosecuting attorney to file and serve on counsel for Mr. Sablan, a written bill of particulars with respect to Count I (Conspiracy to Distribute) of the Indictment filed in the above captioned matter on April 23, 2008. As grounds in support, counsel for Mr. Sablan states as follows:

**INTRODUCTION**

Fed.R.Cr.P. 7(f) allows counsel for a defendant to file a motion requesting the Court to direct the prosecution to file a Bill of Particulars.  This motion may be filed before arraignment or within ten days after arraignment or at such later time as the Court may permit.

As amended by stipulation, Defendants have until May 16, 2008 to file any pre-trial motions including for a Bill of Particulars.

In this matter, justice dictates the filing of a Bill of Particulars by the prosecution so that Mr. Sablan is afforded the protections of effective representation of counsel and due process of law pursuant to the United States Constitution. Additionally, the filing of a Bill of Particulars is necessary so that counsel may investigate and advise Mr. Sablan of possible defenses available at trial.

## ARGUMENT

The Indictment here is constitutionally defective as it only states legal conclusions, it does not provide facts as required by legal precedent of the United States Supreme Court and the Ninth Circuit of Appeals.

**An Indictment Must Pled Facts, Not Just Conclusion**

A Bill of Particulars should be ordered where it will avoid or minimize surprise at trial and permit the preparation of an adequate defense. *United States v. Dicesare*, 765 F.2d 890, 897 (9th Cir. 1985) ("Bill of Particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense"). Among the functions a Bill of Particulars serves is "to enable [a defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose." *United States v. Giese*, 597 F. 2d 1170 (9th Cir. 1979).

When a charging document lacks sufficient particularity to allow a defendant to prepare a defense, the defendant's ability to confront adverse witnesses and to use compulsory process is

seriously inhibited. Her right to due process thus is clearly implicated: "A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity as to time, place, and circumstances." *United States v. Hess*, 124 U.S. 487, 8 S. Ct. 571, 574 (1888). The requirement of notice to the accused of the charges against him is grounded in the Sixth Amendment of the United States Constitution. *People v. Williams,* 984 P.2d 56 (Colo.1999). Fundamental fairness requires that the indictment or information must clearly state the essential facts. *People v. Tucker,* 631 P.2d 162 (1981).

Although the charge may use the language of the statute in general description of an offense, such a description must also be accompanied by a statement of facts and circumstances that will inform the accused of the specific offense(s) with which he is charged. *Russel v. United States*, 369 U.S. 749, 763 -764 82 S.Ct. 1038 (1962) (conviction reversed as indictment was defective). As stated by the United States Supreme Court, that Court has repeatedly emphasized that the indictment must: "contain[] the elements of the offense intended to be charged and sufficiently apprise[] the defendant of what he must be prepared to meet" *Id.* (numerous citations omitted). The Court went on to opine that it is usually not sufficient to simply quote from a statute, rather specifics, "particulars", must be given:

> It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, "includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,-it must descend to particulars." *United States v. Cruikshank*, 92 U.S. 542, 558, 23 L.Ed. 588. An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him * * * is defective, although it may follow the language of the statute." *United States v. Simmons*, 96 U.S. 360, 362, 24 L.Ed. 819. "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished; * * *." *United States v. Carl*, 105 U.S. 611, 612, 26 L.Ed. 1135. "Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the

> facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516. [Other citations omitted].That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure, is illustrated by many recent federal decisions.

Id at 766 (footnotes with authorities omitted).

Or as held by the Ninth Circuit, the sufficiency of an indictment is to be measured by determining whether the indictment informs the defendant with sufficient clarity to allow him to maintain an adequate defense and to bar subsequent prosecution for the same offense. *United States v. Boone,* 951 F.2d 1526 (9th Cir. 1991). "Two corollary purposes of an indictment are: (1) to ensure that the defendants are being prosecuted on the basis of the facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment." *United States v. Schmidt,* 947 F.2d 362, 369 (9th Cir. 1991). In order for the Government to adequately inform the defendant of the crime charged, the indictment must set forth the essential facts that support the allegation. *United States v. Musacchio*, 968 F.2d 782, 786 -787 (9th Cir. 1991); *United States v. Schmidt,* 947 F.2d 362 (9th Cir. 1991).

The test in ruling on such a motion is whether deprivation of the information sought will render the defendant unable to adequately prepare a defense, avoid surprise, or avoid later risking double jeopardy. *United States v. Burt,* 765 F.2d 1364, 1369 (9th Cir. 1985).

**The Indictment States Legal Conclusions Only With No Facts Given At All.**

The Indictment, as if quoting from a statute, states only legal conclusions as to the existence of a conspiracy. No facts establishing the conspiracy are alleged. It is therefore Constitutionally defective and so this Motion should be granted.

4

Conspiracy is established when there is an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose. *United States v. Boone,* 951 F.2d 1526, 1543 citing to *United States v. Monroe*, 552 F.2d 860, 862 (9th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1069 (1977). Additionally, "mere association with members of a conspiracy, the existence of an opportunity to join the conspiracy, or simple knowledge, approval of, or acquiescence in the objective or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator. *Melchor-Lopez*, 627 F.2d at 891." *United States v. Schmidt,* 947 F.2d at 367.

The Indictment, as charged, only states legal conclusions and does not give any of the required "particulars". It does not furnish the accused with a description of the charge against Mr. Sablan that will enable him to prepare an adequate defense. In particular, the indictment fails to allege any fact indicating any agreement to act, when that first act occurred and where and who was present, when the last act of that conspiracy occurred and fails to state what overt act Defendant did in furtherance of the illegal purpose. Nor does it ensure the accused of his right to protection against subsequent prosecution for the same matter. Additionally, the Indictment, as charged does not adequately inform the Court of the facts alleged so that it may decide whether the facts are sufficient in law to support a conviction, if one is had. Hence the Indictment is constitutionally defective.

Based on the stated necessity, Mr. Sablan, through counsel, requests an order directing the prosecution to serve and file a Bill of Particulars specifically setting forth the following with respect to Count One of the Indictment:

1. What act or acts Mr. Sablan is alleged to have committed with regard to the

5

allegation, including, but not limited to, facts showing any agreement to act and overt act in furtherance of the illegal purpose;

2. The exact language, word, or words allegedly used by the Defendants which allegedly indicated, or tended to indicate, that they willfully and knowingly agreed to commit the crimes charged in the indictment;

3. The exact dates upon which defendants allegedly committed the charged offense (The Government only alleges a time period);

4. Where exactly (street addresses, store names, apartment numbers etc) the Defendants allegedly commit the crimes charged;

5. The names and addresses of person or persons present or listening when the Defendants allegedly committed the crimes charged;

6. With regard to the allegation of the conspiracy, the following:

    (a) What other acts the conspirators committed;
    (b) Which conspirators participated in each such act;
    (c) What the purpose of the act was;
    (d) Where the act was committed;
    (e) The exact date the act was committed;
    (f) The names and addresses of witnesses present when
        the act was committed;

7. The nature of act, and the date, time, and place of said act, by which Mr. Sablan first manifested that he was part of the alleged conspiracy. In other words, what is the first act Mr. Sablan is accused of committing in furtherance of the alleged conspiracy?;

8. The time, date, and place of the last act Mr. Sablan is charged with having committed in furtherance of the conspiracy;

9. Whether the Government is charging [defendant] with aiding and betting in the commission of a crime;

10. The names of any un-indicted, but identified, co-conspirators of Mr. Sablan, including those whose names may have become known since the return of the indictment, or the names of those other persons whom the government deleted or omitted from the indictment;

11. The Government must disclose who is the Confidential Informant which is the subject of this count.

12. What facts supporting Count One are separate and distinct from the facts supporting Counts Two through Three.

# CONCLUSION

The Indictment fails to properly advise Mr. Sablan of the charges against him, deprives him of effective assistance of counsel in preparing a defense, and may result in unfair surprise at trial and exposure to future jeopardy by repeated prosecutions. It is essential to a proper preparation of a defense in this case that the defendant knows, with definiteness and certainty, the particulars requested in this motion.

Mr. Sablan, through counsel, requests that this Court order the Government to provide a written Bill of Particulars setting forth, with specificity, the issues addresses above.

Respectfully submitted this 16th day of May, 2008

                                        O'CONNOR BERMAN DOTTS & BANES
                                        Attorneys for Manuel Aldan Sablan

                                        By: /s/_____
                                               DAVID G. BANES, ESQ.

*2019-279-080514-Motion Requesting Bill of Particulars-epv*