**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP  96950**
**Tel. No.: 234-5684/85**
**Fax  No.: 234-5683**

*Attorneys for Defendant Manuel Aldan Sablan*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-00014-003 |
| | ) | |
| Plaintiff, | ) | MOTION REQUESTING |
| v. | ) | PROSECUTION TO SERVE |
| | ) | DISCOVERY RESPONSES |
| SABLAN, MANUEL ALDAN, | ) | ON COUNSEL FOR MR. MANUEL |
| | ) | SABLAN |
| | ) | |
| | ) | Judge:  Munson |
| Defendant. | ) | Date  :  June 5, 2008 |
| _____ | ) | Time  :  9:00 a.m. |

MOTION

Defendant MANUEL ALDAN SABLAN, by and through his counsel, David G. Banes, hereby files with this Court the following motions related to discovery in the above-captioned proceedings:

1.	To compel discovery in response to pending discovery requests;

2.	To compel the Government to provide *unredacted* versions of documents previously given to the Defendant to the Court for in camera review;

3.	To compel disclosure with regard to Government informants and cooperating witnesses;

4.	To compel disclosure of Rule 404(b) material;

5.	To compel disclosures of expert witnesses and expert testimony;

1

6.        To compel statement of intentions pursuant Rule 12(d)(2);

7.        To compel preservation of law enforcement agent's rough notes and memos; and

8.        To compel the production of *Jencks* material in advance of trial.

9.        This Motion is brought pursuant to Com. R. Crim. P. 12(b)(4), Rule 12(d)(2), Rule 16(a), Rule 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. U.S.*, 405 U.S. 150 (1972), *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007 (1957), *United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999) and their progeny, it is based on the Fifth, Sixth and Fourteenth amendments to the United States Constitution and it is supported by the following Memorandum of Law.

## MEMORANDUM OF FACTS AND LAW

On April 28, 2008, Defendant delivered a comprehensive discovery request to the Government. A copy of the discovery request is attached hereto as Exhibit "A." The Government did *not* respond, request by request, to Defendant's discovery letter. Instead, on May 2, 2008, Defendant received a package containing 13 audio and data CDs, 2 DVDs and 88 documents variously relating to the three defendants in this case and the Indictment.

Several of the documents provided were partially redacted. Defendant wrote to Plaintff asking to either view the un-redacted documents or have the Court review the originals. See Exhibit B. Plaintiff refused.

The present omnibus motions are necessary to properly evaluate and to understand the various claims made against Defendant, to evaluate any possible plea offer that might be made by the Government, to preserve Defendant's rights to full discovery and the availability of all further motions, and to prepare, adequately, for trial.

1. **MOTION TO COMPEL DISCOVERY PURSUANT TO PENDING DISCOVERY REQUEST.**

To date, the Government has failed to provide Defendant with a detailed response to Defendant's discovery request. Further, it appears from the discovery actually provided by the Government, and from the charges in the Indictment filed by the Government, that there are substantial Rule 16 materials that have not yet been provided to Defendant which may possibly include *Brady* material.

Rule 16(e) of the Federal Rules of Criminal Procedure requires the disclosure by the Government of, among other things:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant..

The Court should order the Government to provide unredacted discovery either to Defendant or have the Court review the materials in camera. The Court should also order Plaintiff to either produce all other tangible evidence in its possession, custody or control pursuant to Defendant's discovery request or to require that the Government acknowledge, affirmatively, that it has provided all evidence required under Rule 16 and other criminal discovery rules and laws, the United States Constitution.

2.   MOTION TO COMPEL DISCLOSURE AND DISCOVERY WITH REGARD TO GOVERNMENT INFORMANTS AND COOPERATING WITNESSES.

Under the doctrines of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. U.S.*, 405 U.S. 150 (1972) and their progeny, Defendant requests that the Court order that the Government provide the following documents and information:

  a. The name of each cooperating witness or source of information;

  b. Any ledger, sheet, or other document which details the sum paid the cooperating witness or his or her family in this and other cases in which the informant assisted the government and the purpose of each such payment;

  c. Any information, whether or not memorialized in a memorandum, agents' report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend or associate of the informant cooperating, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises or expectations regarding payments for expenses or testimony or eligibility for any award or reward;

  d. In addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation;

  e. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc.) made by the government to any prospective government witness or family member or associate of the witness, including information as to the underlying conduct precipitating such investigations;

    f.    Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him in the past, be it violations of federal, state or municipal laws;

    g.    Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute; and

    h.    Information reflecting the nature and extent of assets obtained by the informant in connection with his or her illegal activities over the past ten years.

3.    MOTION TO COMPEL DISCLOSURE OF RULE 404(b) MATERIAL.

Prior to the admission of "other acts" evidence, the Court must determine whether the alleged "other acts" did in fact occur before proceeding to further analysis under Fed. R. Evid. 404(b). If a determination has been made regarding the validity of the proposed "other acts" evidence, the Court must make findings with respect to the specific evidentiary value of the evidence (the evidence must be offered to support one of the permissible purposes such as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident on the part of the defendant. The evidence can not be used for impermissible ends such as to show that the defendant acted in conformity with the proscribed conduct).

If the Court finds that the prosecution's proffered motives for the introduction of the "other acts" evidence is valid and not contrary to Rule 404(b), then the Court must conduct a balancing test pursuant to Rule 403 regarding the prejudicial effect suffered upon the defendant by the admission of the "other acts" evidence and the probative value, if any, that the proposed "other acts" evidence will give to the trier of fact.

To conduct this detailed analysis and to hold these complex evidentiary hearing on the eve of or during trial would be a complete waste of very limited judicial resources. Rule 404(b) does not specifically require that notice be given to the defendant, but the Due Process Clause, Right to Counsel, Right of Confrontation, the Right of Compulsory Process, the Right to Fair Trial, and the Equal Protection Clause of the United States Constitution mandate that notice be given.

Counsel cannot effectively prepare for pre-trial hearings regarding the admissibility of other acts evidence unless counsel is notified of the prosecution's intent to attempt to introduce such evidence, notified of the basis for such evidence, and notified of witnesses that will present such evidence. The Court cannot adequately assess the validity, necessity, probative value, and level of prejudice of such proposed evidence unless the Court is provided with this information and counsel is allowed to contest the admissibility of such evidence prior to trial.

The case of *United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999) squarely addresses the issue of pre-trial notice regarding "other acts" evidence via interpretation of the Federal Rules of Evidence. In *Vega* the court held that the prosecution's failure to provide reasonable notice of "other acts" evidence that they intended to introduce against the defendant renders the "other acts" evidence inadmissible in the prosecution's case in chief and for purposes of impeachment. In reaching this decision, the Court in *Vega* acknowledged that the 1991 Amendment to the Federal Rules of Evidence required the prosecution give notice of it's intent to attempt to introduce "other acts" evidence if requested by the defense. The *Vega* Court acknowledged that failure to give the requisite notice is not harmless error as this conduct prejudices the defendant in the areas of Trial Strategy, Pre-trial Investigation, Cross Examination, and the Right to a Fair Trial.

Based on the decision rendered in *United States v. Vega*, the Due Process Clause, Right to Counsel, Right of Confrontation, the Right of Compulsory Process, the Right to a Fair Trial, and

6

the Equal Protection Clause of the United States Constitution, counsel is requesting that this Court order the prosecution to provide the following information:

A.  Their intent, if any, regarding the admission of "other acts" evidence as defined in *Vega* (*Id*. at 1154);

B.  The names, addresses, phone numbers, and statements of any witnesses that will be called, or have been interviewed by the FBI, DEA or CNMI Department of Public Safety, the United States Attorney's Office and/or the CNMI Office of the Attorney General, the United States Attorney's and/or the Attorney General's Investigation Unit, the United States Probation Office, or other law enforcement regarding this alleged evidence; and

C.  The precise evidentiary hypothesis regarding the purpose and limited admissibility of this alleged evidence.

4.   MOTION TO COMPEL DISCLOSURES OF EXPERT WITNESSES.

In federal court, the prosecution must produce such discovery under Fed. R. Crim. P. 16(a)(1)(G). That Rule requires that, upon request of the defendant:

> the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

It is expected the Government will call at least experts as to testing the alleged drugs. Accordingly, and pursuant to the fair notice requirements of the Fifth, Sixth, and Fourteenth Amendment of the U.S. Constitution, Defendant requests that the Court order the Government to identify its experts and describe the testimony the government intends to illicit therefrom.

5.     MOTION TO COMPEL STATEMENT OF INTENTIONS PURSUANT RULE 12(b)(4)(B).

Defendants herein made a request for the Government to give notice of its intent to use evidence in its case-in-chief at trial pursuant to Fed. R. Crim. Pro. 12(b)(4)(B). *See* Exhibit A, at No. 3.C.

Rule 12(b)(4)(B) provides:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

The Government has not made the requisite disclosure under Rule 12(b)(4)(B) and Defendant hereby requests that the Court order the Government to comply with the Rule and fully and properly respond to Defendant's request thereunder.

6.     MOTION TO COMPEL PRESERVATION OF NOTES.

Defendant respectfully requests that the court immediately order all law enforcement personnel who have worked on this case to preserve and to continue to preserve all notes and memoranda originally prepared by them in relation to this matter, regardless of the conditions of said notes and regardless of whether those notes have been already incorporated into other reports or memoranda which the government intends to turn over to the defendants. Depending on the contents of the same, these notes may qualify as *Brady* or *Jencks* material at trial. Defendant also requests copies of all notes etc as to the Government's experts.

7.     MOTION TO COMPEL *JENCKS* MATERIAL IN ADVANCE OF TRIAL.

Fed. R. Crim. P. 26.2 indicates that the Government is not required to produce the statements of witnesses who testify on the Government's behalf until the conclusion of its direct examination. Notwithstanding the above, Defendant respectfully submits that the production of

statements of Government witnesses at trial will substantially impair the ability of Defendant to adequately defend himself and to prepare an effective cross-examination. Defendant requests that the Government be required to produce *Jencks* material at this time.

Early disclosure of material under Fed. R. Crim. Pro. 26.2 ("*Jencks* material") should be a matter of routine practice by the Government to insure that a defendant has an adequate opportunity to prepare his or her defense and exercise effectively his right to cross-examination.. *See* THE AMERICAN BAR ASSOCIATION STANDARDS FOR CRIMINAL JUSTICE, § 11-2.2 (The Prosecution Function) (1980).

Rule 26.2 is derived from the decision of the U.S. Supreme Court in *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007 (1957). In *Jencks*, the Supreme Court held that a criminal defendant was entitled to an order directing Government to produce for inspection all reports of two government witnesses to the Federal Bureau of Investigation touching upon events and activities as to which they testified at trial, and that defendant was entitled to inspect such reports and to decide whether to use them in his defense. *See Id.* at 668. The Court explained:

> Because only the defense is adequately equipped to determine the effective use for purpose of discrediting the Government's witness and thereby furthering the accused's defense, ***the defense must initially be entitled to see them to determine what use may be made of them. Justice requires no less***.

*Id.* at 668-69 (emphasis added). The *Jencks* decision was subsequently codified in Rule 12(i) and Rule 26.2 of the Federal Rules of Criminal Procedure and in the so-called Jencks Act, 18 U.S.C. § 3500.[1]

---

[1] Title 18, U.S.C. § 3500(b) provides:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the

9

*Jencks* material should be provided to the defense so as to provide Defendant with sufficient time to examine and utilize this material in a meaningful manner before and during the hearings and trial.[2] This is important because such review ensures that a defendant will be able to present a defense and conduct effective cross-examination during trial, and such preparation time is integral to a defendant's ability to receive the effective assistance of counsel during trial. *See, e.g., United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983) (reversing convictions and remanding for a new trial where government disclosed *Jencks* material during trial and where district court failed to provide defendant with sufficient time to investigate them); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980) (finding that defendant was deprived of her right to counsel where counsel did not have sufficient time to review *Jencks* Act material). In *Holmes*, the Fourth Circuit acknowledged:

> Of course, the *Jencks* Act [18 U.S.C. § 3500] does not require that the statement of a government witness be produced for the use of a defendant until the witness has testified. Many times, however, in cases where there are many statements or where the bulk of witness statements is large, the government will agree, or it may even be ordered, to deliver material at an earlier time so as to avoid lengthy delays before the beginning of cross-examination.

*Id.* Thus, the Fourth Circuit reasoned:

> the *Jencks* Act contemplates not only the furnishing of the statement of a witness but a reasonable opportunity to examine it and prepare for its use in the trial. That

---

testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

[2] Rule 26.2(d) also provides that the court may make an accommodation, upon request by accused's counsel, so that counsel is provided adequate time to make use of this material. *See* Fed. R. Crim. P. 26.2(d). That section states:

> The court may recess the proceedings to allow time for a party to examine the statement and prepare for its use.

10

> the statements in this case were furnished according to the original undertaking [that is, one day in advance of the trial per the parties' agreement], as the government contends, only begs the ultimate question. Here it is clear that defendants were not afforded a reasonable opportunity to examine and digest the mass of material furnished them on the Sunday before the Monday that the trial began. ***Especially is this so because, as we have stated, defendants had only the minimum notice that due process requires of the charges against them. Their need for careful study of Jencks Act materials was greater than in the usual case where greater specificity of the charge is alleged. It was therefore an abuse of discretion on the part of the district court to deny a reasonable delay in the progress of the trial to permit counsel to complete their studies and preparation.***

*Id.* at 40-41 (emphasis added). Thus, a defendant may be deprived of his constitutional rights to a fair trial and to effective cross-examination of witnesses if he does not have a reasonable time to review the materials.

Further, a defendant may be deprived of the effective assistance of counsel if counsel does not have a meaningful chance to review *Jencks* materials. For example, in *United States v. Hinton*, the District of Columbia Circuit recognized the potential impact of late *Jencks* disclosure upon the defendant's right to counsel. 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous *Jencks* material" in the form of FBI 302' s. *See Id.* at 781. The court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302' s" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." *Id.* at 782.

Additionally, the prosecution should disclose *Jencks* material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of criminal cases. *See* ABA Standards for Criminal Justice, § 11-2.2; *see also United States v. Tarantino*, 846 F.2d 1384, 1415 n.12 (D.C. Cir. 1988); *United States v. Poindexter*, 727 F. Supp. 1470, 1484-85 (D. D.C. 1989). Regardless of whether the prosecution voluntarily chooses to promote the expeditious resolution of cases, this Court need not be subject to the whims and

wishes of the Attorney General's Office. This Court has the inherent power to control its calendar and to issue orders that will promote efficiency in cases before it.

Here, to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the defendants, the defense will require obtaining *Jencks* material before the suppression hearings and before the jury is sworn. *See Holmes*, 722 F.2d at 41 (noting that providing materials one day before trial began did not "afford[] a reasonable opportunity to examine and digest" the documents.). The recesses which will be required by defense counsel will substantially delay the proceedings and make it more difficult for this Court to calendar its cases. This Court need not be held hostage to the unwise policy of the Attorney General's Office to withhold *Jencks* material. The remedy is obvious. As the Fourth Circuit noted, it is not uncommon for the Government to agree ***or for the court to order*** early disclosure of *Jencks* material. *See Holmes*, 722 F.2d at 40.

Accordingly, Defendant requests that the Court exercise its inherent power to require early production of *Jencks* material so as to facilitate an orderly presentation of the government's case.

## CONCLUSION

For the forgoing reasons, the Court should grant Defendant the relief requested in the omnibus motions set forth above.

Respectfully submitted this 16th day of May, 2008

                                                             O'CONNOR BERMAN DOTTS & BANES
                                                             Attorneys for Manuel Aldan Sablan

                                                             By: /s/_____
                                                                    DAVID G. BANES, ESQ.

*2019-279-080516-OmnibusDiscMot-mbc*