# O'CONNOR BERMAN DOTTS & BANES
## ATTORNEYS AT LAW

**GUAM OFFICE**
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Fax: (671) 477-4366
E-mail: bermlaw@kuentos.guam.net

**SAIPAN OFFICE**
Second Floor, Nauru Building
P.O. Box 501969, Saipan, MP 96950-1969
Telephone: (670) 234-5684/5
Fax: (670) 234-5683
E-mail: attorneys@saipan.com
Website: www.pacific-lawyers.com

**POHNPEI OFFICE**
Ocean View Plaza – East Wing
P.O. Box 2069, Pohnpei,
Federated States of Micronesia, 96941
Telephone: (691) 320-6450
Fax: (691) 320-6451
E-mail: msipos@mail.fm

April 28, 2008


FAXED 04/28/08

**By Telecopy and Mail**

Eric O'Malley, Esq.
Assistant United States Attorney
United States Office of The Attorney General
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950

*Re: USA v. Manuel Sablan*

Dear Eric:

I hope you are well.

In the meantime, I am sending you this letter to request any and all discovery in the above referenced matter. Accordingly, by this letter, Defendant Manuel Sablan (hereinafter referred to as "Defendant"), by and through his counsel, David G. Banes, hereby request the following discovery from the Government:

(1) Pursuant to Rule 16:

    (A) Any and all statements of the Defendant, whether written, recorded, computerized or otherwise memorialized;

    (B) The substance of any oral statement made by the Defendant whether before or after arrest;

    (C) Any written, computerized, taped or other such record containing the substance of any oral statement made by the Defendant, either before or after arrest;

    (D) A copy of the Defendant's prior criminal record;

    (E) Any books, papers, documents, photographs, computer records, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of

**Exhibit "A"**

Defendant's defense or are intended for may be intended for use by the government as evidence at trial;

(F) Any reports of physical or mental examinations, and of scientific tests or experiments, and the results thereof, made in connection with this case.

(G) A written summary of expert testimony the government intends to use during trial, including the witnesses' opinion, the bases and the reasons therefore, and the witnesses' qualifications.

(H) Any evidence seized as a result of any search, either warrantless or with a warrant.

(I) Any and all Court documents including pleadings and orders of the Court, including but not limited to any such documents related to bail.

(J) Any documents, videotape, tape, recording etc. related to Defendant allegedly waiving her right to counsel.

(2) In addition to any discovery mandated by Rule 16, the Defendant also requests the government to produce evidence mandated by *Brady v. Maryland* and its progeny. Such evidence should include, but is not limited to, the following:

(A) Statements of all persons who have been interviewed by an agent of the government in connection with the subject matter of this case and whom the government does not intend to call at trial.

(B) The memoranda or summaries of any oral statements made to an agent of the government by any person in connection with the subject matter of this case, whether or not the statement, if in writing, has been signed or approved by the witness or the statement relates to the proposed subject matter of the direct testimony of the witness at trial.

(C) Any and all statements of persons, or memoranda, summaries or recordings of any oral statements of any persons, whether or not made to an agent of the government or whether or not the statement, if in writing, has been signed or approved by the witness or the statement relates to the proposed subject matter of the direct testimony of the witness at trial.

(D) Any memoranda, documents or statements used by the government during the investigation of this case.

(E) The names and addresses of all persons who may have some knowledge of the facts of this case.

(F) A copy of, or the summary reflecting, the criminal records of all persons the government intends to call at trial.

(G) All reports and memoranda prepared on behalf of the government or otherwise in connection with the investigation of this case.

(H) Any and all documents, statements, memoranda, records or other such material which may contain information to impeach government witnesses.

(I) The identity of any confidential informant involved in this case.

(J) As to any confidential informant's involvement is this case, please produce the informant's prior criminal record, all promises of consideration given to the witness, identification of the confidential informant's prior testimony, and any evidence of narcotic habits.

(K) Any and all other evidence known to or in the possession or control of the government, which may be favorable to the Defendant and material either to guilt or punishment, or which could reasonably weaken or affect any evidence proposed to be introduced against the Defendant, or which is relevant to the subject matter of the information, or which in any manner may aid Defendant in the ascertainment of the truth.

(L) Any and all documents relating to or evidencing plea agreements, deferred prosecution agreements or any other type of agreements entered into with the government by any person who has provided information to the government relating to this case.

(3) In addition to any discovery mandated by Rule 16, and by *Brady v. Maryland* the Defendant also requests the government to give Defendant notice of the government's intention to introduce as evidence at trial, the following:

(A) Evidence of "other crimes, wrongs, or acts" of this Defendant, as that phrase is used in Rule 404(b) of the Federal Rules of Evidence. This notice should identify and describe the following:

        1.      The dates, times, places, and persons involved in the other crimes, wrongs, or acts;

        2.      The statements of each participant in the other crimes, wrongs, or acts;

        3.      The documents or other tangible objects that contain evidence of the other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents, and who has possession of the documents;

        4.      The issue or issues on which the government believes evidence of other crimes, wrongs, or acts is relevant within the meaning of the Federal Rules of Evidence.

(B)      Evidence of "specific instances of conduct" of this Defendant, as that phrase is used in Rule 608(b) of the Federal Rules of Evidence. This notice should identify and describe the following:

        1.      The dates, times, and persons involved in the specific acts of misconduct;

        2.      The statements of each participant in the acts of misconduct; and

        3.      The documents or other tangible objects that contain evidence of the specific acts of misconduct, including when the documents were prepared, who prepared the documents, and who has possession of the documents.

(C)      Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, any evidence which the government intends to use in its evidence in chief at trial which the Defendant may be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure.

(4)      In addition to any discovery mandated by Federal Rules of Criminal Procedure, by *Brady v. Maryland*, and by the Federal Rules of Evidence, the Defendant also requests, pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), that the government provide all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(5) The Defendant requests all material to which Defendant is entitled pursuant to Rule 26.2 or the Federal Rules of Criminal Procedure. The Defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jenks statements and prepare for cross-examination.

(6) The Defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informants used in this case. The Defendant requests that these files be reviewed by the government attorney for evidence of perjorious conduct or other like dishonesty, pursuant to its duty under *U.S. v. Henthorn*, 960 F.2d 1488, 1492 (9th Cir. 1992).

(7) Finally, the Defendant specifically requests that any and all physical evidence that may be destroyed, lost or otherwise put out of the possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

It is further requested that, given the Court's current deadline for pre-trial motions, any such evidence please be produced within 7 days of the date of this letter. Thanks. As always, please feel free to call me about this letter or anything else regarding this matter.

With kind regards,

David G. Banes

3477-01-080416-DisLtr-EOMalley-mbc