**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP  96950**
**Tel. No.: 234-5684/85**
**Fax  No.: 234-5683**

**Attorneys for Defendant Manuel Aldan Sablan**

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08-00014-003 |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| v. ) | DEFENDANT MANUEL SABLAN'S |
| ) | MOTION FOR REVIEW AND |
| SABLAN, MANUEL ALDAN, ) | REVOCATION OF DETENTION ORDER |
| ) | |
| Defendant. ) | Judge: Munson |
| ) | Date : June 6, 2008 |
| _____) | Time : 1:30 p.m. |

## I. INTRODUCTION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception" *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697 (1987). Accordingly, "[b]ail is basic to our system of law." *Herzog v. United States*, 75 S.Ct. 349, 351, 99 L.Ed 1299 (Douglas, Circuit Justice 1955). The Fifth and Eighth Amendments of the United States Constitution, prohibit the deprivation of liberty without due process and excessive bail, respectively. In order to ensure that these constitutional rights are complied with, the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*. (the "Act"), balances an individual's strong, fundamental interest in liberty against the Government's interest in crime prevention. *United States v. Salerno*, 481 U.S. 739, 750, 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Under the Act, an individual's fundamental right to freedom gives way to the Government's interest only under limited and narrow circumstances – where the Government can demonstrate probable cause that

an individual has committed an offense listed in 18 U.S.C. § 3142(f) and, thereafter, proves in a full blown adversarial hearing, that no set of conditions exist to reasonably assure the appearance of the person or the safety of any person or the community. *United States v. Salerno*, 481 U.S. at 750; 18 U.S.C. § 3142(e) and (f). Here the Government has failed to meet its burden in demonstrating that Manuel Sablan ("Defendant" or "Manuel") may be detained.

## II.   STANDARD OF PRE-TRIAL RELEASE

In the Ninth Circuit, three main cases, *United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985) and *United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008), in conjunction with the Act, set forth out and explain the standards that courts are to use when deciding the appropriateness of pre-trial release.

The Act requires a judicial officer to release a person on personal recognizance or unsecured appearance bond. 18 U.S.C. §3142(a). If releasing a person on their own recognizance will not reasonably assure their appearance or the community's safety, the Act still requires the release of a person facing trial under the least restrictive condition or combination of conditions that will provide sue reasonable assurances. *United States v. Gebro*, 948 F. 2d at 1121; *United States v. Motamedi*, 767 F.2d at 1405.

To detain a defendant, the Government, in a motion for pretrial detention, must prove that the defendant is a flight risk or poses a danger to any other person or the community. *United States v. Motamedi*, 767 F.2d at 1406; 18 U.S.C. §§ 3142(e) and (f). The Government must prove that the defendant is a flight risk "by a clear preponderance of the evidence." *United States v. Motamedi*, 767 F.2d at 1406; *United States v. Gebro*, 948 F. 2d at 1121. When seeking to prove that the defendant poses a danger to the community, the Government must proceed under the higher standard of clear and convincing evidence. *United States v. Gebro*, 948 F. 2d at 1121 *citing United States v. Motamedi*, 767 F.2d at 1406-07.

In ruling on the Government's motion, it is important to keep in mind the Ninth Circuit's admonitions that a defendant's release can be denied only "for the strongest of reasons" (*United States v. Motamedi,* 767 F.2d at 1407), and "[o]nly in rare circumstances." *United States v. Gebro*, 948 F.2d at 1121; *United States v. Motamedi,* 767 F.2d at 1405.

Under § 3142(e) of the Act, certain alleged offenses give rise to a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of the community." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); 18 U.S.C. § 3142(e). Such a presumption exists here as the grand jury indicted Defendant Manuel Sablan for allegedly selling less than five grams of "Ice" in violation of– a drug offense for which "a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 21 U.S.C. § 801 et seq." 18 U.S.C. § 3142(f)(1)(C). However, it is important to note that when such a presumption exists, it only shifts the burden of production to the defendant, the ultimate burden of persuasion still rests with the government. *United States v. Hir*, 517 F.3d at 1086 (citation omitted). Moreover, any doubts about whether a person should be granted or denied bail should always be decided in favor of release. *Herzog v. United States*, 75 S.Ct. at 351; *United States v. Gebro*, 948 F.2d at 1121; *United States v. Motamedi,* 767 F.2d at 1405.

Although, the Ninth Circuit has not directly addressed the weight of a defendant's burden of production, the Seventh Circuit in *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986), a case which the *Hir* Court cited with approval and relied on in defining such burden, held that the "burden of production is not a heavy one to meet. Moreover, a defendant need only proffer some evidence that his is not a flight risk or a danger to the community to rebut the presumption of production. *United States v. Hir*, 517 F.3d at 1086; *see also United States v. Dominguez*, 783 F.2d at 707. Once rebutted, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d at 1086, *citing United States v. Dominguez*, 783 F.2d at 702.

Once the presumption is rebutted, the Court determines whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community by considering the four main factors set out in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense [] [involving certain acts of terrorism] for which a maximum term of imprisonment of ten years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person; and,
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

3

18 U.S.C. § 3142(g);  *See United States v. Hir*, 517 F.3d at 1086.

### A.    The Nature and Circumstances of the Offense Charged

Although the Court may consider the nature of the offense charged, the Act "neither requires nor permits a pretrial determination that a person is guilty," and this factor "may be considered only in terms of the likelihood that the person will fail or appear or will pose a danger to any person or to the community."  *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

Here, Manuel is charged with one count of Conspiracy to Distribute D-Methamphetamine Hydrochloride ("Ice"), in violation of Title 21, United States Code, §§ 846 and 841(a)(1), and two counts of Distribution and Possession with Intent to Distribute Ice D-Methamphetamine Hydrochloride, in violation of Title 21, United States Code, § 841(a)(1).  However, the amount of drugs alleged in the indictment are extremely small, totaling only about .27 grams.

The charges allegedly arose out of an informant cooperating with the Government and being paid to do so.  It appears from the discovery that the alleged initial contact for the sale was through a call to a cell phone allegedly owned by Manuel, but the voice on the phone does not identify himself explicitly and most importantly, Manuel did not sell the drugs.  The discovery does not indicate that any type of physical force or violence occurred in this matter nor were firearms or any other weapons used.  Moreover, noone sustained any type of physical injury.  Finally, the Defendant peacefully surrendered to police during his arrest.

### B.    Weight of the Evidence

This factor "is the least important of the various factors."  *United States v. Motamedi*, 767 F.2d at 1408.  As with the first factor above, the Court may consider this factor, but the Act "neither requires not permits a pretrial determination of guilt."  *Id*.  Similarly, the weight of the evidence should only be considered in terms of the likelihood that Defendant will appear as required or pose a danger to the community, "[o]therwise, if the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment."  *Id*.

Here, the indictment recites only a bare bones conspiracy charge between the three defendants. The indictment omits allegations of any overt acts or any other detail. Moreover, the discovery does not contain sufficient evidence, if any, of a plan or agreement between the three named defendants.

As to the other charges, other than the informant's say-so that it was Manuel's cell phone, there is no evidence the person speaking on the cell phone actually was Manuel. Additional Manuel did not physically sell any of the alleged drugs, his co-defendants did. But even assuming, *arguendo*, that there is sufficient evidence, Manuel has a valid defense of entrapment since this matter involved a cooperating informant. *Velarde-Villarreal v. United States*, 354 F.2d 9, 13 (9th Cir. 1965)(The Government's use of an informant is an inherently dangerous procedure and wrought with the attendant risk of entrapment).

### C.  The History and Characteristics of Manuel Sablan.

Manuel Sablan was born on Saipan. His family lives here along with his common-law wife and his child.

Manuel has the responsibility of primarily caring for the child because Manuel's girlfriend is employed.

Manuel has met this court's indigency standards and thus does not have the financial wherewithal to flee the jurisdiction. Moreover, even if he had the resources to flee, there is little incentive for him to do so as his family is here in Saipan. Finally, a surrender of Manuel's passport would assure his continued presence on Saipan.

The circumstances of this case, and the degree of Manuel's alleged involvement in this matter, gives rise to a strong possibility that this case will plead out. Thus, Manuel has a strong incentive to see this case through to completion, working together with his defense attorney. The prison time could be reduced if the plea contains a cooperation clause or other language that provides Manuel with a benefit of a possible reduction of sentence.

### D.  The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Person's Release.

Here, while Manuel has prior criminal convictions, the Government has failed to prove "by clear and convincing evidence that [][Manuel Sablan] presents an identified and articulable

threat to an individual or the community." *United States v. Salerno*, 481 U.S. at 751. The alleged crimes that bring Manuel into this Court allegedly involve, at best, a person dealing in very small amounts of a narcotic. There are no crimes of violence or allegations of any threat of, or actual physical injury. Accordingly, Manuel does not pose a danger to any specific person or to the community.

### III. THE PRESUMPTION AGAINST RELEASE IS REBUTTED BECAUSE THE DEFENDANT HAS PRODUCED SUFFICIENT EVIDENCE THAT HE IS NOT A FLIGHT RISK OR IS A DANGER TO THE COMMUNITY.

Here, as shown above, Manuel has provided evidence that he is not a flight risk. Manuel has shown that he has substantial ties to the community because he has lived here almost his entire life, has a girlfriend who together with Defendant raises their young child. Manuel also has other family members who have grown up here and still reside in Saipan.

### IV.   MANUEL'S APPEARANCE MAY BE ASSURED WITH THE APPOINTMENT OF A THIRD PARTY CUSTODIAN ALONG WITH THE IMPOSITION OF CONDITIONS UPON HIS RELEASE.

The Government has not shown that Manuel's appearance can not be reasonably assured. To the contrary, Manuel has shown that he is not a flight risk. However, Manuel's father has agreed to act as a third party custodian for him. His father, who is retired, will be able to adequately supervise Manuel and report to the Court any violations of the term and conditions of release that this Court may impose upon Manuel. Finally, Manuel's passport may be surrendered to this Court, which will prevent him from leaving this Court's jurisdiction.

### V.   MANUEL'S RELEASE WILL NOT POSE A DANGER TO ANY PERSON OR TO THE COMMUNITY.

As shown above in Section II(D), the Government has not provided clear and convincing evidence to prove that Manuel "presents an identified and articulable threat to an individual or the community." *United States v. Salerno*, 481 U.S. at 751.

6

## VI. CONCLUSION

As shown above, the Government has not shown that Manuel may be detained in this matter. Moreover, Manuel is not a flight risk nor would his release pose a danger to any person or to the Saipan community. Manuel should be released to a third party custodian under appropriate release conditions as regularly imposed by this court.

Dated this 5th day of June, 2008.

                                              O'CONNOR BERMAN DOTTS & BANES
                                              Attorneys for Manuel Aldan Sablan


                                        By: /s/_____
                                                 DAVID G. BANES, ESQ.

2019-279-080605-MemoInSuppMASMotReview&RevocDetenOrder-mbc